# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| KERR MACHINE CO., <br><br>    Plaintiff, <br><br> v. <br><br> VULCAN ENERGY SERVICES, LLC, VULCAN INDUSTRIAL HOLDINGS, LLC, and CIZION, LLC d/b/a VULCAN INDUSTRIAL MANUFACTURING, <br><br>    Defendants. | CIVIL ACTION NO. 6:21-cv-00307 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR
## PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Kerr Machine Co. ("Kerr") files this Complaint for Patent Infringement and Jury Demand against Defendants Vulcan Energy Services, LLC ("VES"), Vulcan Industrial Holdings, LLC ("VIH"), and Cizion, LLC d/b/a Vulcan Industrial Manufacturing ("VIM"). Plaintiff alleges infringement of United States Patent Number 10,962,001 (the "'001 Patent") as follows:

### Parties

1. Plaintiff Kerr Machine Co. is a corporation organized and existing under the laws of Oklahoma, with its principal place of business at 2214 West 14th Street, Sulphur, Oklahoma 73086.

2. Defendant VES is a Delaware limited liability company with its principal place of business at 2107 East County Road 130, Building 5, Midland, Texas 79706, which is located in Midland County and within this district.

3. Defendant VIH is a Delaware limited liability company with its principal place of business at 1990 Post Oak Boulevard, Suite 2400, Houston, Texas 77056.

4. Defendant VIM is a Delaware limited liability company with its principal place of business at 535 Simmon Drive, Osceola, Wisconsin 54020.

5. Upon information and belief, Defendant VIM and Defendant VES are both wholly owned subsidiaries of Defendant VIH.

6. The term Vulcan Defendants shall be used to refer to Defendants VIH, VES, and VIM collectively.

## Jurisdiction

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

8. This Court has personal jurisdiction over each of the Vulcan Defendants because, directly or through alter egos, intermediaries and/or subsidiaries, each has committed, and continues to commit, acts within the District giving rise to this action and/or has established minimum contacts with the District such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Thus, the Court has both general and specific personal jurisdiction over each of the Vulcan Defendants.

9. The Vulcan Defendants have committed acts of infringement of the '001 Patent within this District by making, using, selling, offering for sale, and importing in or into this District products that have the same construction as the claimed fluid end assembly of the '001 Patent, and/or have the same design and construction as the claimed apparatus of the '001 Patent. The Vulcan Defendants have also placed, and are continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products will be purchased and used by customers and/or consumers in the State of Texas, including this District. These infringing products and/or services have been and

continue to be made, used, sold, offered for sale, purchased, and/or imported by customers and/or consumers in the State of Texas, including in this District.

10. The Vulcan Defendants also interact with customers, including through visits to customer sites in Texas, including in this District.

11. Kerr's causes of action arise, at least in part, from the Vulcan Defendants' contact with and activities in Texas, including in this District.

12. The Vulcan Defendants have derived substantial revenues from its infringing acts in this District, including from its manufacturing and sale of infringing products in the United States.

## Venue

13. Venue is proper against VIH in this District pursuant to 28 U.S.C. § 1400(b) because (i) VIH has a physical place located in this District, (ii) it is a regular and established place of business in this District, and (iii) it belongs to VIH.

14. On its website, vulcanindustrial.com, and on multiple press releases, VIH advertises and holds itself out as having its "corporate headquarters" in Houston, but maintaining a location in Midland County, which the website refers to the as the "Permian Service Center." The same website also states, "VULCAN Industrial Holdings (VULCAN) is a precision engineering, manufacturing, and machining company" and a "premium supplier" of, *inter alia*, infringing fluid ends. On the same website, VIH advertises that "Vulcan Industrial … also operates in the Permian Basin area," at a location in this District. Similarly, a Vulcan Industrial Holdings Technical Service Bulletin advertises that "VULCAN replacement parts are available directly through our manufacturing facility or regional service centers." Vulcan thus encourages and

induces its customers in this District to use the infringing fluid ends and infringing consumable parts.

15. Venue is proper against VIM in this District pursuant to 28 U.S.C. § 1400(b) because (i) VIM has a physical place located in this District, (ii) it is a regular and established place of business in this District, and (iii) it belongs to VIM.

16. Upon information and belief, VIM manufactures and services infringing fluid ends, sells the infringing products to customers located in the District through the Permian Service Center, and encourages and induces those customers to infringe by using the infringing fluid ends and infringing consumable parts. Vulcan's website indicates, "Our service centers will be your single point of contact for your fracturing pump equipment needs." Upon information and belief, VIM employs full-time personnel, such as sales personnel, service personnel, and engineers, who work from a location in this District. Upon information and belief, VIM controls an inventory of infringing fluid ends located at the Vulcan warehouse in the District and maintains an inventory management system on VIM computers for those fluid ends.

17. Venue is proper against VES in this District pursuant to 28 U.S.C. § 1400(b) because (i) VES has a physical place located in this District, (ii) it is a regular and established place of business in this District, and (iii) it belongs to VES.

18. Upon information and belief, VES leases a location in Midland County, within this District, from which VES commits acts of infringement by commercializing, marketing, selling, distributing, testing, and servicing infringing products, and by encouraging and inducing customers to infringe by using the infringing fluid ends and infringing consumable parts. A Vulcan Industrial Holdings Technical Service Bulletin advertises that "VULCAN replacement parts are available directly through our manufacturing facility or regional service centers," including

Permian Service Center leased by VES. Vulcan's website also makes clear that the Permian Service Center operates as a "single point of contact for your fracturing pump equipment needs."

19. Additionally, each of the Vulcan Defendants operate as alter egos and thus the activities of each entity are attributable to all three for purposes of venue. On information and belief, the entities combine operations and tax returns, share departments such as sales and accounting, and are run by an identical set of officers. Vulcan also intentionally blurs the lines between all three entities by referring to them collectively as "Vulcan Industrial" when marketing to the public and communicating with customers.

## United States Patent Number 10,962,001

20. On March 30, 2021, the U.S. Patent and Trademark Office duly and legally issued the '001 Patent titled, "Fluid End Assembly."

21. The '001 Patent was filed on June 10, 2020 and assigned United States Patent Application Serial No. 16/897,659, and was published as United States Patent Application Publication No. US 2020/0300240 A1 on September 24, 2020.

22. The '001 Patent is entitled to a priority date of at least July 14, 2017.

23. The '001 Patent is directed to a novel and inventive fluid end assembly. Operating fluid ends inherently involve the use of abrasive fluids. Particles from those abrasive fluids often accumulate in the retaining nut threading and caused installed retaining nuts to lock up and become stuck, rendering the entire fluid end inoperable. The fluid end assembly calls for the retaining nut to be threaded into a separate retainer that is then bolted onto the fluid end housing. In the event that the retaining nut locks due to the accumulation of abrasive materials in the threading, the retainer can be unbolted from the housing and replaced in the field to avoid production delays.

24. The named inventors of the '001 Patent are Mark S. Nowell, Kelcy Jake Foster, Christopher Todd Barnett, Michael Cole Thomas, Brandon Scott Ayres, Michael Eugene May, and Guy J. Lapointe.

25. The named inventors conveyed to Kerr all rights, title, and interest in and to the invention of the '001 Patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office.

26. Kerr is the exclusive owner by assignment of all rights, title, and interest in the '001 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '001 Patent.

27. The Vulcan Defendants do not have a license to the '001 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '001 Patent whatsoever.

28. The Vulcan Defendants have been on notice of the '001 Patent at least since the date of publication of United States Patent Application Publication US 2020/0300240 A1, on September 24, 2020.

## The Accused Instrumentalities

29. The Vulcan Defendants make, use, sell, and/or offer to sell in the United States and/or imports into the United States fluid ends for use in the oil and gas industry.

30. Hereafter, the term "Accused Instrumentalities" refers to all products manufactured by Vulcan Defendants practicing the '001 Patent, including at least the fluid ends sold under the brand or trade names, Icon EVO and Sentinel RCX.

## Count 1
(The Vulcan Defendants' Infringement of the '001 Patent)

6

31.     Kerr repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

32.     The Vulcan Defendants make, use, sell, and/or offer to sell in the United States, and/or import into the United States products that directly infringe the '001 Patent, including the above-identified Accused Instrumentalities. The Accused Instrumentalities infringe at least claim 1 of the '001 Patent.

33.     The Accused Instrumentalities utilize a fluid end assembly which includes a housing having an external surface and an internal chamber.

34.     The Accused Instrumentalities further include a first conduit formed in the housing and having first and second sections. Each section independently interconnects the internal chamber and the external surface.

35.     The Accused Instrumentalities further include a second conduit formed in the housing, intersecting the first conduit and having third and fourth sections, each section independently interconnecting the internal chamber and the external surface. No threads are formed in any portion of the housing that surrounds and faces the third section in the Accused Instrumentalities.

36.     The Accused Instrumentalities further include a component installed within the third section. The component has opposed rear and front surfaces joined by inner and outer intermediate surfaces. As claimed in the '001 Patent, no threads are formed in the inner and outer intermediate surfaces.

37.     The Accused Instrumentalities further include a one or more packing seals installed within the component.

38. The Accused Instrumentalities further include a retainer having opposed rear and front surfaces and defining a central opening in which the front surface of the retainer abuts the rear surface of the component.

39. The Accused Instrumentalities further include a fastening system installed within the retainer and the housing and configured to releasably hold the retainer against the component.

40. The Accused Instrumentalities further include a packing nut installed within the central opening of the retainer and configured to releasably hold the plurality of packing seals within the component.

41. The Vulcan Defendants have directly infringed and continue to directly infringe the '001 Patent, in violation of at least 35 § U.S.C. 271(a) & (g), by making, using, selling, offering to sell, and/or importing in or into the United States Accused Instrumentalities and other products that include the elements claimed in or equivalent to the '001 Patent as described above, including at least claim 1 of the '001 Patent.

42. In addition to the foregoing, and in the alternative, the Vulcan Defendants are liable for inducing infringement under 35 U.S.C. § 271(b). The Vulcan Defendants induce infringement by encouraging, marketing, facilitating, and selling component parts for infringing fluid ends; inducing customers to continue to use previously purchased infringing fluid ends; providing instructions, maintenance, repair, refurbishment, technical assistance or support for using the infringing fluid ends; and by creating and disseminating promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to the use of the Accused Instrumentalities, with knowledge and specific intention that such will be used by its customers, resulting in the direct infringement of the '001 Patent.

43. In addition to the foregoing and, in the alternative, the Vulcan Defendants are liable as a contributory infringer of the '001 Patent under 35 U.S.C. § 271(c). The Vulcan Defendants have offered to sell and/or sold within the United States products, services, and designs for the Accused Instrumentalities that practice the '001 Patent. Vulcans engages in this conduct knowing that those products, services, or component parts constitute a material part of the claimed invention, that they are especially made or adapted for use in infringing the '001 Patent, and that they are not staple articles or commodities of commerce capable of substantial non-infringing use. Indeed, the infringing aspects of the Accused Instrumentalities otherwise have no meaningful use, let alone any meaningful non-infringing use.

44. Moreover, the Vulcan Defendants' infringement of the '001 Patent was willful. At least by September 24, 2020, the Vulcan Defendants had constructive notice of the '001 Patent. Nevertheless, without authorization and despite an objectively high likelihood that their actions infringe at least one claim of the '001 Patent, the Vulcan Defendants continued to infringe the '001 Patent in the manners described above, both directly and through its agents, including by, on information and belief, making, using, offering for sale, selling, and/or importing into the United States the Accused Instrumentalities.

45. The Vulcan Defendants' acts of infringement have caused damage to Kerr, and Kerr is entitled to recover from the Vulcan Defendants the damages it has sustained as a result of their wrongful acts in an amount subject to proof at trial.

46. The Vulcan Defendants' infringement of Kerr's exclusive rights under the '001 Patent has caused Kerr irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

**Count 2**
(Federal Declaratory Judgment Act Claims)

47. Kerr repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

48. Vulcan has indicated it intends to continue making, using, selling, and offering for sale the Accused Instrumentalities.

49. Pursuant to 28 U.S.C. § 2201, Kerr seeks a judicial declaration that Vulcan would infringe the '001 Patent if Vulcan were to continue to make, use, offer for sale, sell, or import into the United States any of the Accused Instrumentalities or consumable parts—whether anew or currently in inventory.

## Demand for Jury Trial

50. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Kerr demands a jury trial for all issues so triable.

## Prayer for Relief

WHEREFORE, Kerr prays for judgment as follows:

A. Declaring that the '001 Patent has been and continues to be infringed by the Vulcan Defendants, and that the Vulcan Defendants have contributed to and/or induced the infringement of the '001 Patent;

B. Awarding damages arising out of the Vulcan Defendants' infringement of the '001 Patent, including enhanced damages pursuant to 35 U.S.C. § 284 and a compulsory future royalty until the expiration of the '001 Patent, to Kerr, together with prejudgment and post-judgment interest, in an amount according to proof;

C. Permanently enjoining pursuant to 35 U.S.C. § 283 the Vulcan Defendants, their officers, agents, and employees, and those persons in active concert or participating with any of them, and its successors and assigns, from infringement, inducement of infringement, and

contributory infringement of the '001 Patent, including but not limited to making, using, selling and/or offering for sale within the United States or importing into the United States, any devices, products, software, or methods that infringe the '001 Patent before the expiration of the '001 Patent;

   D. Permanently enjoining pursuant to 35 U.S.C. § 283 the Vulcan Defendants, their officers, agents, and employees, and those persons in active concert or participating with any of them, and their successors and assigns, from infringement, inducement of infringement, and contributory infringement of the '001 Patent, including but not limited to making, using, selling and/or offering for sale within the United States or importing into the United States, any devices, products, or methods that infringe the '001 Patent before the expiration of the '001 Patent;

   E. A declaration under 28 U.S.C. § 2201 indicating that Vulcan would be infringing the '001 Patent if it followed through on its plans to continue selling the Accused Instrumentalities;

   F. Awarding attorneys' fees to Kerr pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

   G. Awarding such other costs and further relief as the Court may deem just and proper.

Dated: March 30, 2021

Respectfully submitted,

By: <u>*Brian D. Melton*</u>
    Brian D. Melton (Texas 24010620)
    Meng Xi (California 280099) (application for admission forthcoming)
    Rocco Magni (Texas 24092745)
    Thomas V. DelRosario (Texas 24110645) (admission pending)
    SUSMAN GODFREY LLP
    1000 Louisiana Street, Suite 5100
    Houston, Texas 77002
    Tel: (713) 651-9366
    Fax: (713) 654-6666
    bmelton@susmangodfrey.com
    mxi@susmangodfrey.com
    rmagni@susmangodfrey.com
    tdelrosario@susmangodfrey.com

**COUNSEL FOR PLAINTIFF KERR MACHINE CO.**